**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES THOMPSON | CRIMINAL ACTION<br><br>NO. 12-17 |

Baylson, J.                                                                                    December 20, 2012

## MEMORANDUM AND ORDER RE: MOTIONS TO SUPPRESS

The court held an evidentiary hearing on December 13, 2012 on Defendant

Charles Thompson's Motion to Suppress Physical Evidence (ECF #37) and Motion to

Suppress All Post-Arrest Custodial Statements (ECF #38). The Court has considered the

briefs filed by the parties, and also two post-hearing letters submitted by counsel. As the

court indicated after the close of testimony, the court accepts the credibility of the police

officers and ATF agent who testified on behalf of the government.

The facts can be summarized briefly as follows: Based on credible information

from a reliable informant that a concealed rifle being carried in a van, police stopped the

van in which the defendant was the driver. After the van was stopped, the police

immediately drove it to a nearby police station where it was searched and the rifle was

located hidden from view. The defendant was warned of his *Miranda* rights and agreed

to acknowledge ownership of the rifle in the van. In addition, defendant consented to a

search of his apartment which located two additional guns. Defendant has been charged

with being a felon in possession of a firearm.

The court identifies two substantive legal issues for discussion:

1.  This first issue is whether, following the vehicle stop on the highway and the prompt driving of the van to the police station, in view of all the circumstances, including the information provided to the police officers by the confidential informant, the police were required to secure a search warrant before searching the car and recovering the rifle?

In this regard, the court finds that the police were justified in moving the vehicle promptly from the highway where it had been stopped, to the Darby Borough Police Station, without any delay.  As one of the officers testified, a crowd had gathered and the police, in their discretion, did not think that searching the vehicle at that exact place and time would have been wise.  Furthermore, once the van arrived at the police station, Detective Brian Pitts testified credibly that he immediately, based on the detailed information given to him by the confidential informant that the rifle was hidden in one of the side panels, saw a hole in the side panel, reached down, and was able to grasp and see the rifle that was then recovered from the vehicle.

The court concludes this search was valid pursuant to two doctrines: the automobile exception to the Fourth Amendment's warrant requirement, and the doctrine authorizing warrantless searches-incident-to-arrest in the automobile context, as set forth in Arizona v. Gant, 556 U.S. 332, 333 (2009).  First, under the general automobile exception to the warrant requirement, law enforcement personnel may search an automobile without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity. This principle was established by the Supreme Court in United States v. Ross, 456 U.S. 798, 820 (1982), and reaffirmed recently in Pennsylvania v. Labron, 518 U.S. 938, 940 (1996). As the Court explained in Labron, the automobile-

exception is premised on the "readily mobile" nature of automobiles, which provides a form of exigency that excuses the need to obtain a warrant. Labron, 518 U.S. at 940 ("Our first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's 'ready mobility,' an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear. More recent cases provide a further justification: the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more.") (citations omitted).

Here, the police officers had probable cause to believe there was evidence of criminal activity in the vehicle driven by Thompson – that is, they had probable cause to believe an illegally possessed AK-47 rifle was in the vehicle – based on the tip from a known and reliable confidential informant and based on the circumstances of the stop. See Illinois v. Gates, 462 U.S. 213, 238 (1983) (providing that probable cause exists when a reasonably prudent person would believe, based on the totality of circumstances, evidence of a crime will be found); Draper v. United States, 358 U.S. 307, 313 (1959) (holding a tip from a known confidential informant can provide the basis for probable cause).

Additionally, the court finds the search was valid under the doctrine authorizing warrantless searches of automobiles incident to arrest, as set forth in Arizona v. Gant, 556 U.S. 332, 333 (2009). In Gant, a plurality of the Court held that warrantless vehicle searches incident to arrest are constitutionally authorized when an arrestee "is unsecured and within reaching distance of the passenger compartment at the time of the search," or

when "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" 556 U.S. at 333 (citation omitted). Justice Scalia, in a concurring opinion, agreed that the second category of searches is constitutional. Id. at 353 (Scalia, J., concurring) ("I would hold that a vehicle search incident to arrest is *ipso facto* 'reasonable' only when the object of the search is evidence of the crime for which the arrest was made, or of another crime that the officer has probable cause to believe occurred."). Accordingly, warrantless searches of vehicles made incident to an arrest are authorized when there is probable cause to believe there is evidence of the crime for which the defendant was arrested in the vehicle. See also Davis v. United States, 131 S. Ct. 2419, 2425 (2011). That type of search occurred here.  The defendant was arrested for illegally possessing a firearm, and the police searched his vehicle – after moving it to the police station – because they had probable cause to believe the firearm was hidden in the vehicle.

2.  The second legal issue is whether the police were justified in relying on the defendant's written consent to the search of his home, or whether the police were required to acquire a search warrant.  "[T]he question of whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). The court finds the totality of circumstances indicate Thompson's consent to the search of his home was voluntary. The court accepts the credible testimony of ATF agent Horay that the defendant was warned of his *Miranda* rights and after giving a generally incriminating, but not necessarily true, written statement to the police, then executed a written consent authorizing the search of his

home, where the police found two additional guns which are the subject matter of Count 2 of the indictment.   The court rejects the defendant's testimony that he was under the influence of drugs and did not knowingly waive his *Miranda* rights or knowingly consent to the search of his home. The court also rejects the defendant's testimony that he was threatened by Agent Horay that if he did not consent to the search of his house, the mother of his child would be arrested.

For the reasons set forth above, Defendant's Motion to Suppress Physical Evidence (ECF #37) and Motion to Suppress All Post-Arrest Custodial Statements (ECF #38) are **DENIED.**

**BY THE COURT:**

/s/ Michael M. Baylson

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\Criminal Cases\12-17 thompson\12cr17.memo.order.Motion to Suppress.doc